IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ANGELICA VASQUEZ,**

    **Petitioner,**

v.                                                      **Case No. 1:13-cv-32231**

**SANDRA BUTLER, Warden**
**FPC Alderson,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On December 16, 2013, Angelica Vasquez (hereinafter "Vasquez") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). On March 20, 2014, after Petitioner paid the filing fee, the undersigned issued a show cause order. (ECF No. 7). Respondent filed a response to the show cause order, and Vasquez has replied. (ECF Nos. 10, 14). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus and **DISMISS** this action, with prejudice, from the docket of the Court.

**I.**    **Relevant Procedural History**

On June 17, 2010, Vasquez was convicted of eight counts of mail fraud by a jury

1

sitting in the United States District Court for the Northern District of Illinois. The convictions stemmed from a scheme devised by Vasquez and involving various co-conspirators, who submitted false benefit applications to the Illinois Department of Employment Security ("IDES"). Using false information, such as an invalid or stolen social security numbers, Vasquez would complete and file applications on behalf of individual who were ineligible for benefits. The applicants paid Vasquez an initial filing fee and made second payments to her upon receipt of the first benefit checks. (ECF No. 10 at 31-32). According to the indictment, Vasquez's fraudulent activities spanned seven years and caused the IDES to pay more than $700,000 in benefits to ineligible claimants. (*Id.* at 33).

Prior to sentencing, the presiding District Judge requested the Probation Office to generate a presentence report ("PSR"). The section of the PSR outlining the calculation of Vasquez's sentence under the federal sentencing guidelines included four sentencing enhancements: Organizer/Leader under Guideline § 3B1.1(a); Identity Theft under Guideline § 2B1.1(b)(10)(c)(i); Obstruction of Justice under Guideline § 3C1.1; and Number of Victims under Guideline § 2B1.1(b)(2)(B). (ECF No. 10 at 1-2). As a result of the enhancements, Vasquez's offense level was increased by 12 to level 33, corresponding to a sentence range of 135 to 168 months. (*See* ECF No. 2, ECF No. 10 at 2). Vasquez was ultimately sentenced to 96 months on each count, to run concurrently with each other. (ECF No. 10 at 23). She was also ordered to pay an $800 fine and $724,596 in restitution to the IDES. (*Id.* at 26). Finally, the indictment included a forfeiture allegation seeking the proceeds of Vasquez's illegal activity, including unrecovered funds totaling approximately $152,014. (*Id.* at 42). On April 7, 2011, the Court issued a preliminary order of forfeiture, noting Vasquez's conviction and setting

the forfeiture amount at $174,499 based upon the evidence available at that time. (*Id.* at 18-21).

Vasquez appealed her sentence to the United States Court of Appeals for the Seventh Circuit, challenging the District Court's application of three out of the four sentence enhancements. *United States v. Vasquez,* 673 F.3d 680 (7th Cir. 2012). The only enhancement not contested by Vasquez was the two-level enhancement for Obstruction of Justice. After carefully considering the basis for each enhancement, the Seventh Circuit affirmed the District Court's sentence. *Id.* at 688.

On June 26, 2012, Vasquez filed a Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 in the Northern District of Illinois. (ECF No. 10 at 2). In the motion, Vasquez complained that she received ineffective assistance of counsel when her trial attorney failed to communicate to the Government that Vasquez was willing to enter into a plea agreement, and she attacked the application of the Organizer/Leader enhancement, contending that she was merely a go-between for two co-conspirators. (ECF No. 10 at 44-45). The Court denied Vasquez's motion on September 25, 2012. (*Id.*).

Approximately fifteen months later, Vasquez filed the instant habeas petition, arguing that her sentence enhancements were inappropriately applied and the amount of restitution imposed by the Court was incorrect. (ECF No. 1). Vasquez admits that she did not obtain permission from any Court of Appeals to file a second or successive section 2255 motion. (*Id.* at 4). However, she claims that the United States Attorney's Office advised her that challenges to sentence enhancements and restitution amounts were properly raised under Section 2241. (*Id.* at 5).

## II. Habeas Petition

In Vasquez's § 2241 petition, she attacks application of all four sentence enhancements. She asserts that the Organizer/Leader enhancement was wrongly applied, because it was based on her alleged relationship with the undocumented migrants whom she assisted in filing false applications. Vasquez claims that the migrants had "their own agenda;" accordingly, she did not lead or organize them. (ECF No. 2 at 2). Vasquez contends that the Identity Theft enhancement should be removed in view of the Supreme Court's decision in *Alleyne v. United States,* , ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). In *Alleyne*, the Supreme Court held that any fact increasing a crime's mandatory minimum sentence was an element of the crime that must be proven beyond a reasonable doubt. *Id.* According to Vasquez, the crime of identity theft has a twenty-four month mandatory minimum sentence. She was never convicted of identity theft; therefore, the District Court erred in enhancing her sentence without a jury finding that she had committed that crime. (ECF No. 2 at 2-3). With respect to the Obstruction of Justice enhancement, Vasquez reasons that she was neither indicted, nor convicted of obstruction, and such an enhancement should not be applied merely because she invoked her right to a jury trial. (*Id.* at 3). Lastly, Vasquez challenges the Number of Victims enhancement, which applies when the victim count exceeds fifty. Vasquez maintains that although she used stolen or invalid social security numbers to file fraudulent applications, she used the same numbers more than one time. Consequently, the Court had no solid factual basis to find more than fifty victims. Moreover, Vasquez contends that the Court applied the wrong version of the sentencing guidelines. She indicates that the version in effect when she committed the crimes did not define victim as an individual whose "means of identification was used unlawfully

or without authority." (*Id.* at 4-5).

In regard to the restitution amount, Vasquez asserts that the Government made an estimate of the amount of restitution to be $152,014, and that amount was included in the indictment. (ECF No. 2 at 6). After Vasquez's conviction, the Government increased the amount to $724,596, but never submitted that amount to the jury and never received a conviction premised on that amount. Vasquez argues that the only amount submitted to the jury was $152,014; therefore, that is all the Government is entitled to collect.

In answer to Vasquez's allegations, Respondent points out that Vasquez is collaterally attacking the validity of her sentence, rather than its execution. For that reason, a habeas petition under § 2241 is not the proper avenue for Vasquez to pursue her claims. (ECF No. 10 at 2-5). Respondent contends that Vasquez's only remedy is through a § 2255 motion; however, Vasquez has already filed such a motion and has not received permission from a Circuit Court to file a second or successive § 2255 motion. Respondent concedes that the Court could construe the petition as a motion under § 2255 and transfer it to the Circuit Court for consideration, but argues that doing so would contravene the interests of justice given that Vasquez's petition lacks substantive merit. (*Id.* at 5). Respondent notes that three of the four sentence enhancements challenged by Vasquez have already been affirmed on direct appeal. As to the "Obstruction of Justice" enhancement, Respondent indicates that Vasquez received the enhancement for "perjury committed by the defendant at the hearing on her motion to suppress her pretrial statement to government agents." (*Id.* at 9). According to the federal sentencing guidelines manual, perjury is an example "of the type of conduct to which this [obstruction] adjustment applies." (*Id.*) (*quoting* U. S. Sentencing Guidelines

5

Manual § 3C1.1 Application Notes). Thus, contrary to Vasquez's claim that the enhancement was applied in relation to her decision to demand a jury trial, the enhancement was properly used to account for her perjury.

Finally, Respondent argues that Vasquez's order of restitution was correct, and was based upon the Government's contention in the superseding indictment that Vasquez caused the IDES to pay over $700,000 of benefits to ineligible recipients. (ECF No. 10 at 12-13). Respondent presumes that Vasquez has conflated the amount of restitution and the forfeiture amount, but ultimately concludes that Vasquez has offered no factual or legal support for her claim. Indeed, Respondent emphasizes that in Vasquez's appellate brief, she admitted that the total amount paid by the IDES on the fraudulent applications submitted by Vasquez was $865,858. (ECF No. 10 at 13).

### III. Discussion

#### A. Challenges to Sentencing Enhancements

Although § 2241 provides a general grant of habeas corpus authority, § 2255 is the exclusive remedy for challenging the validity of a federal conviction and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). The remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.). Title 28 U.S.C. § 2255(e), called the "savings clause," occasionally allows a § 2241 petition to take the place of a § 2255

motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W.Va. 2001). Instead, the savings clause creates a narrow exception for a § 2241 claim when all three of the following elements are met: (1) at the time of conviction, the settled law of the circuit or the Supreme Court established the legality of the petitioner's conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which she was convicted is now deemed not to be criminal; and (3) the petitioner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W.Va. Feb. 20, 2014).

Here, Vasquez attacks the validity of her federal sentence by challenging the enhancements applied by the sentencing court; thus, her claim must be brought under 28 U.S.C. § 2255, unless she can demonstrate that the remedy under § 2255 is inadequate or ineffective. Vasquez does not attempt to make such a showing. She does cite to *Alleyne v. United States, supra,* arguing that it provides a new rule of constitutional law that supports her petition. However, Vasquez is mistaken. *Alleyne* establishes a new rule of criminal procedure, but not a substantive change in the law. *Harris v. United States*, Case No. 5:10–cv–01045, 2013 WL 4882227, (S.D.W.Va. Sept. 12, 2013). Generally, new rules of criminal procedure do not apply retroactively to cases

7

on collateral review. *Teague v. Lane*, 489 U.S. 288, 303, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989) ("Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.") While there are exceptions to this general rule, those exceptions do not apply in this case and need not be examined.[1] In keeping with other circuits, courts in the Fourth Circuit have concluded that *Alleyne* does not apply retroactively on collateral review. *See United States v. Stewart*, 540 F.App'x 171 (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); s*ee, also, Moore v. Carter,* NO. 2:14–CV–55 (BAILEY), 2015 WL 5475387, at *4 (N.D.W.Va. Sept. 16, 2015) (collecting cases from other circuits); *Gibson v. United States*, Case No. 1:11–cv-0024, 2014 WL 204198 (S.D.W.Va. Jan 17, 2014) (noting the Fourth Circuit's decision in *U.S. v. Stewart* barred this Court from applying *Alleyne* retroactively on collateral review); *Barren v. United States,* Case No. PJM 13-1824, 2014 WL 4299092, at *7 (D. Md. Aug. 29, 2014) (finding that *Alleyne* did not declare a new rule of law that would be retroactive); *Ramseur v. United States,* Case No. 5:11-cv-0075-RLV, 2014 WL 4854642, at *5 (W.D.N.C. Sep. 29, 2014) (finding that *Alleyne* has not been made retroactive on collateral review); *Boyd v. United States,* Case No. 7:08-cr-0003, 2014 WL 1653065, at *2 (W.D. Va. Apr. 24, 2014) (same). Therefore, *Alleyne* does not open the door for Vasquez's petition. Moreover, even if *Alleyne* were retroactive, the decision is inapposite to Vasquez's claims given that she did not receive a mandatory minimum sentence.

---

[1] *See Teague v. Lane*, 489 U.S. 288, 290, 109 S. Ct. 1060, 1064, 103 L. Ed. 2d 334 (1989) (Two exceptions are, "(1) if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe', or (2) if it requires the observance of those "procedures that ... are implicit in the concept of ordered liberty..."") (quoting *Mackey v. United States*, 401 U.S. 667, 692, 91 S.Ct. 1160, 1180, 28 L.Ed.2d 404).

Having concluded that Vasquez's claims are not properly asserted in a § 2241 action, her petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If the Court chooses to dismiss the petition, then Vasquez's case is at an end in this jurisdiction. Unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), section 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). As such, Vasquez would be required to pursue her claim in the United States District Court for the Northern District of Illinois, which she has already done. Vasquez admits that she has not received a certificate to file a successive § 2255 motion in the sentencing court; thus, dismissal of her petition is preferable to transferring it to a sentencing court that would have no jurisdiction to hear it. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (hold that "[i]n the absence of pre-filing authorization, [a] district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Furthermore, dismissal is more appropriate than construing the petition as a request for permission to file a successive § 2255 motion and transferring it to the Seventh Circuit Court of Appeals. Title 28 U.S.C. § 1631 provides as follows respecting transferring civil actions:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

Nevertheless, the Seventh Circuit has found re-characterizations and transfers under

9

similar circumstances to be "unnecessary and likely improper" in light of circuit precedent holding that "courts must respect a litigant's decision to invoke a certain statute and must resolve the case under that law." *Wyatt v. United States,* 574 F.3d 455, 460 (7th Cir. 2009) (citing *Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir.2007)). Consequently, the undersigned **FINDS** that Vasquez's sentencing claims are not cognizable under § 2241 petition, and justice would not be served by re-characterizing and transferring the petition.

### B. Challenge to Restitution Amount

Courts do not agree as to whether a challenge to the amount of restitution imposed on a petitioner is cognizable in a habeas proceeding. *See Spears v. Rivera,* C/A No. 0:11–2306–RBH–PJG, 2012 WL 1097688, at *3-5 (D.S.C. Jan. 31, 2012) (collecting cases), *report and recommendation adopted* 2012 WL 1097688 (D.S.C. Mar. 30, 2012). However, it is clear in the instant action that Vasquez did not object to the restitution amount at the time of sentencing, did not raise the issue on appeal, and did not assert a claim involving the amount of restitution in her first § 2255 motion. At present, Vasquez does not complain about the manner in which the restitution payments are being collected by the Bureau of Prisons; rather, she attacks the amount of restitution imposed as part of her sentence. Thus, in the absence of circumstances that would excuse Vasquez's failure to raise the issue in prior proceedings, the undersigned **FINDS** that Vasquez has procedurally defaulted her restitution claim, and it is not cognizable in this § 2241 petition. *See Id.*

Notwithstanding this finding, Vasquez's restitution claim also fails because it is without factual or legal merit. As Respondent argues in her brief, Vasquez has plainly confused the forfeiture amount with the restitution amount. Throughout Vasquez's

criminal proceedings, the Government alleged that Vasquez stole over $700,000 from the IBES by filing fraudulent applications for benefits. She also personally received more than $150,000 in fees charged to and paid by the recipients of the ill-gotten benefits. For that reason, both a restitution order and a forfeiture order were entered. The amount that Vasquez was ordered to pay the IBES in restitution, and the amount forfeited to the United States, were factually supported and were not the subject of dispute. Contrary to Vasquez's understanding, the sentencing court did not bump up the restitution amount from $154,014 to $724,596. Instead, the court ordered restitution to the IBES in the amount of $724,596, and ordered another $172,499 to be forfeited to the United States.

For these reasons, the undersigned **FINDS** Vasquez's forfeiture claim to be defaulted, and also to be factually and legally without foundation.

### IV.     Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DENIED,** and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings

and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED**:  September 24, 2015

Cheryl A. Eifert
United States Magistrate Judge